UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILMER OSTOS NOVOA,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT,<br>Respondent. | No. 1:26-cv-06447-DAD-SCR (HC)<br><br><u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, DENYING MOTIONS TO APPOINT COUNSEL AND FOR TEMPORARY RESTRAINING ORDER AS MOOT, AND DENYING RESPONDENT'S MOTION TO DISMISS</u><br><br>(Doc. Nos. 1, 2, 3, 4, 8) |

On August 13, 2026, petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order seeking his immediate release from custody. (Doc. No. 4.) On August 13, 2026, the court set a briefing schedule on the pending motion and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 7.) Respondent was further directed to state any opposition that he had to the court's stated intention to rule on the

/////

underlying petition based on the current briefing before it as well as to provide substantive reasons in support of his position in this regard in his opposition. (*Id.*)

On August 17, 2026, respondent filed a motion to dismiss. (Doc. No. 8.) Therein, respondent concedes that petitioner is detained pursuant to 8 U.S.C. § 1226(a) but contends that he has been afforded all of the process due to him under that statute. (*Id.* at 3–5.) Respondent further argues that the court should dismiss the petition and require petitioner to exhaust his administrative remedies. (*Id.* at 4–5.)

On August 19, 2026, the court issued another order stating "that petitioner may have a pending asylum application and presently possess work authorization" which is valid through 2028. (Doc. No. 9.) In light of these observations, the court directed respondent to file supplemental briefing and supporting documentation addressing: (1) "whether petitioner has a pending asylum application;" (2) "whether petitioner presently has or was previously granted work authorization;" and (3) "whether petitioner received an initial custody determination." (*Id.*) On August 21, 2026, respondent filed supplemental briefing in response to the court's order. (Doc. No. 10.) Therein, respondent has provided the following information:

> <u>Work Authorization</u>. According to Respondent's records, Petitioner has had work authorization in the past.
>
> <u>Asylum Application</u>. According to Respondent's records, Petitioner has filed an I-589 application for asylum with the immigration court.
>
> <u>Initial Custody Determination</u>. On February 10, 2026, Petitioner was served with a Notice of Custody Determination . . . Petitioner refused to sign the form.

(*Id.* at 1.) In support of this supplemental filing, respondent offers a one-page document purporting to be petitioner's notice of custody determination.

Based upon the parties' submissions, the court finds the following facts. On or about October 24, 2017, petitioner entered the United States on a visitor visa with authorization to remain in the country through April 23, 2018. (Doc. No. 8 at 8.) Petitioner remained in the United States past that authorization date. In his pending petition, petitioner has indicated that he applied for asylum on March 20, 2018, and has received work authorization multiple times since his visa expired, with the most recent application being approved for the period from August 1,

2022 to October 27, 2028. (Doc. No. 1 at 11.) On or about February 9, 2026, petitioner was transferred from local custody to ICE custody where he has remained to date. (Doc. No. 8 at 8.)

As noted, respondent argues that petitioner should be required to exhaust his administrative remedies. (Doc. No. 8 at 4–5.) However, petitioner challenges his detention on procedural due process grounds. (Doc. No. 1 at 27–28.) Accordingly, the court waives the exhaustion requirement and will turn to the merits of the petition. *Gagik T. v. Chestnut*, No. 1:26-cv-04337-MWJS, 2026 WL 1837413, at *2 (E.D. Cal. June 25, 2026) (concluding that the *Puga* factors weighed against requiring exhaustion where the petitioner brought a procedural due process claim).

As a preliminary matter, the court finds respondent's supplemental briefing to not be entirely sufficient. The court directed respondent to file supporting documentation regarding all three issues identified in its August 19, 2026 order (Doc. No. 9), but documentation relevant to only one of the identified issues was provided. Moreover, the court asked whether petitioner has a pending asylum application, not whether he has ever applied for asylum. While the court observes that the Form I-213 submitted in support of respondent's motion to dismiss indicates that petitioner "does not appear to have a pending application with Citizenship & Immigration Services" (Doc. No. 8 at 8), respondent's failure to provide a direct response to the court's August 19, 2026 order raises more questions than it answers regarding the veracity of the I-213. Since respondent has failed to provide the court with the information that was asked for and has not disputed petitioner's allegations regarding his asylum application and work authorization, the court will rely upon the information provided in petitioner's petition.

Based upon petitioner's undisputed representations that he filed for asylum on March 20, 2018, his visa expired on April 23, 2018, and he was granted work authorization from August 1, 2022 to October 27, 2028, it appears that immigration authorities were aware of and authorized his presence in the United States for several years after his visa expired. Accordingly, the court incorporates its reasoning set forth in *Kalkan v. Chestnut*, No. 1:26-cv-02028-DAD-EFB, 2026 WL 788112 (E.D. Cal. Mar. 20, 2026), *appeal dismissed sub nom. Kalkan v. Chestnut*, No. 26-3277, 2026 WL 2446315 (9th Cir. June 18, 2026) and concludes that petitioner obtained a liberty

interest in his continued release during the years he remained out of custody after his visa expired and petitioner is entitled to immediate release. *Gagik*, 2026 WL 183741, at *3 (reaching the same conclusion where the government granted work authorization for a petitioner who remained in the United States after his visa expired).

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
   a. Respondent is ORDERED to immediately release petitioner Wilmer Ostos Novoa, A-File No. 216-624-859, from respondent's custody;
   b. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondent will bear the burden to demonstrate that petitioner is a danger to the community or a flight risk by clear and convincing evidence;
2. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;
3. Petitioner's motion to appoint counsel (Doc. No. 3) and motion for temporary restraining order (Doc. No. 4) are DENIED as having been rendered moot by this order granting him habeas relief;
4. Respondent's motion to dismiss (Doc. No. 8) is DENIED;
5. The Clerk of the Court is directed to serve the California City Detention Facility with a copy of this order; and
6. The Clerk of the Court is also directed to enter judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: **August 25, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE